IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SCOTT WARREN FOUSER,                )
                                    )
            Plaintiff,               )
                                    )
    v.                              )   Civil Action No. 18-649
                                    )
NANCY A. BERRYHILL,                  )
Acting Commissioner of Social Security, )
                                    )
            Defendant.               )

O R D E R

AND NOW, this 16th day of September, 2019, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") failed to properly evaluate the medical opinion evidence in finding him to be not disabled under the Social Security Act. The Court disagrees and instead finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

Plaintiff first asserts that the ALJ erred in giving little weight to the June 22, 2015 opinion submitted by his treating therapist, Ashley Fina, L.P.C., and apparently approved by his treating psychiatrist, Charles Franchino, M.D. (R. 587-91), in finding that he did not meet the requirements of Listing 12.04, 20 C.F.R. Part 404, Subpart P, Appendix 1, at Step Three of the sequential analysis, as well as in formulating his residual functional capacity ("RFC"). Plaintiff contends that the ALJ's rejection of this opinion was not adequately explained and not supported by substantial evidence. The Court, however, finds that the ALJ properly analyzed the opinion evidence in making his findings in this case.

It is well established under social security law that when assessing a claimant's application for benefits, the opinion of the claimant's treating physician generally is to be afforded significant weight. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). In fact, the regulations provide that for claims, such as this one, filed before March 27, 2017, a treating physician's opinion is to be given "controlling weight" so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Fargnoli, 247 F.3d at 43; Plummer, 186 F.3d at 429. As a result, the ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, and not on the basis of the ALJ's own judgment or speculation, although he may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided. See Plummer, 186 F.3d at 429. However, it is also important to remember that:

> The ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations. Although treating and examining physician opinions often deserve more weight than the opinions of doctors who review records, "[t]he law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity[.]" Brown v. Astrue, 649 F.3d 193, 197 n. 2 (3d Cir.2011). State agent opinions merit significant consideration as well.

Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (internal citations omitted in part).

As a threshold matter, Plaintiff alleges that the ALJ did not acknowledge that Dr. Franchino endorsed the June 22, 2015 opinion. It is clear that Ms. Fina is the one who actually prepared the opinion, and that Dr. Franchino had signed as the "approving" doctor. (R. 589, 591). As it is not clear what "approved by" meant in this context, it is not clear to what extent Dr. Franchino actually "endorsed" the opinion. Nonetheless, the ALJ, after accurately identifying the opinion as being that of Ms. Fina, made reference to "they" when discussing the opinion, apparently acknowledging the signature of Dr. Franchino. (R.24). Moreover, the ALJ discussed Dr. Franchino's treatment records and was clearly aware of his treating relationship with Plaintiff. (R. 22).

In any event, the ALJ's treatment of the opinion is supported by substantial evidence. Plaintiff, in arguing that the ALJ lacked a sufficient basis for rejecting the more stringent limitations contained in the June 22 opinion, essentially just disagrees with the ALJ's assessment of the record, arguing that there is "ample" support for the opinion prepared by Ms. Fina in the record. (Doc. No. 10 at 11). To the extent that Plaintiff invites the Court to adopt his own analysis as to how consistent Ms. Fina and Dr. Franchino's opinion is with the record as a whole, the Court emphasizes that, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. See Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986); Berry, 738 F. Supp. at 944 (citing Cotter, 642 F.2d at 705). Likewise, it is not enough that Plaintiff offers his own analysis as to how he believes the record supports the June 22 opinion. "The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." Malloy v. Comm'r of Soc. Sec., 306 Fed. Appx. 761, 764 (3d Cir. 2009). The ALJ discussed the opinion prepared by Ms. Fina in significant detail and provided a sufficient basis for his analysis, pointing out inconsistencies between the opinion and the treatment records and Plaintiff's activities of daily living. (R. 20). He also noted Plaintiff's "lack of motivation to participate in treatment" as evidence that his symptoms were not as limiting as alleged. (R. 23, 693).

Moreover, contrary to Plaintiff's contentions to the contrary, the ALJ did not misrepresent the record or "cherry-pick" only those parts of the record that weighed against a finding of disability. For example, Plaintiff argues that the ALJ's decision is bereft of any discussion of his reported perceptual disturbances, such as visual and audio hallucinations. (Doc. No. 10 at 11). However, the ALJ expressly acknowledged those symptoms and explained how they factored into his findings. (R. 22-23). The Court further notes that Plaintiff's reports of transient perceptual disturbances were generally either vague or not deemed to be particularly problematic. (R. 658, 746-47, 749). No treating physician suggested any functional limitations resulting from these limited perceptual disturbances. Even when they became more "troubling," Plaintiff was assigned a Global Assessment of Functioning score of 55, reflecting moderate symptoms. (R. 763-64). The ALJ's discussion of these symptoms, and of the medical record as a whole, was accurate and even-handed, particularly in light of the fact that an ALJ need not discuss every piece of evidence in the record as long as the reviewing court can determine the basis for the decision. See Fargnoli, 247 F.3d at 42; Tisoit v. Barnhart, 127 Fed. Appx. 572, 575 (3d Cir. 2005).

The ALJ also relied on the opinion of state reviewing agent Phyllis Brentzel, Psy.D., which provided for significantly less substantial restrictions in regard to Plaintiff's mental functional capacity. Plaintiff argues, though, that giving more weight to the opinion of Dr. Brentzel than to that of the treating therapist and psychiatrist was improper. However, although "the opinions of a doctor who has never examined a patient have less probative force as a general matter, than they would have had if the doctor had treated or examined him," Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000) (internal quotations omitted), where "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit." Id. at 317. See also Dula v. Barnhart, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). The ALJ, of course, "'cannot reject evidence for no reason or for the wrong reason,'" Morales, 225 F.3d at 317 (quoting Plummer, 186 F.3d at 429), and can only give the opinion of a non-treating, non-examining physician weight insofar as it is supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation provided for the opinion. See Social Security Ruling 96-6p, 1996 WL 374180 (S.S.A.), at *2 (1996). In certain cases, it would not be unwarranted to give more weight to the non-examining professional's opinion. See Salerno v. Comm'r of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of the non-examining state agency reviewing psychologist because his opinion was more supported by the record than the opinions of the treating physician and the consultative examiner).

Here, the ALJ adequately discussed the record and its consistency with the opinion of the state reviewing agent. Plaintiff objects, however, due to the fact that Dr. Brentzel, who rendered her opinion on February 17, 2015, did not have access to later record evidence, including Ms. Fina and Dr. Franchino's opinion. It is not unexpected for the record to contain evidence post-dating the state reviewing agent's opinion. Generally speaking, "there is always a time lapse between the consultant's report and the ALJ hearing and decision." Chandler, 667 F.3d at 361. The record here does not demonstrate significant changes in Plaintiff's condition from the time Dr. Brentzel rendered her opinion and when the ALJ issued his opinion. Although Dr. Brentzel obviously did not have access to later evidence, including the opinion prepared by Ms. Fina, the ALJ was aware of and considered and discussed said evidence in making his determinations. The Court further notes that the opinion that Plaintiff asserts should have been accepted by the ALJ – Ms. Fina and Dr. Franchino's opinion – was from merely a few months after Dr. Brentzel's opinion. Moreover, that opinion did not in any way purport to address changes in Plaintiff's condition from after February 17, 2015.

Plaintiff also alleges that the ALJ gave insufficient weight to the opinion of consultative examiner Mohammad K. Malik, M.D. (R. 572-84), in regard to her physical functional limitations. Again, though, the Court finds the ALJ's discussion of this opinion to be sufficient and to be supported by substantial evidence. The Court first notes that the ALJ did not reject Dr. Malik's opinion, but rather gave it partial weight. (R. 24). Indeed, while the RFC formulated by the ALJ did contain fewer restrictions as to Plaintiff's ability to sit, stand, and walk (R. 18, 577), it was actually significantly more restrictive in other ways, particularly regarding Plaintiff's postural and environmental limitations. (R. 18, 579-80). Furthermore, the

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 9) is DENIED and that Defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

ALJ explained how he accounted for Plaintiff's limitations in sitting by including in the RFC a requirement that Plaintiff have the option of changing position throughout the day. (R. 24). In addition, the ALJ relied on the opinion of state reviewing agent Nghia Van Tran, M.D. (R. 90-121), which was less restrictive in regard to Plaintiff's ability to sit, stand, and walk, and which was rendered after consideration of Dr. Malik's opinion. (R. 92, 108). Finally, unlike Ms. Fina and Dr. Franchino, Dr. Malik had no treating relationship with Plaintiff but, rather, performed a one-time consultative examination. The Court finds the ALJ's consideration of these opinions to be sufficient and again notes that he, in fact, relied on both Dr. Malik's and Dr. Van Tran's opinions, in addition to the objective medical evidence and other evidence of record, in determining Plaintiff's physical RFC.

Accordingly, the ALJ adequately explained the basis for his findings, and substantial evidence supports his decision. The Court therefore affirms.